**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 96-30144
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

JAMES ASHFORD,

Defendant-Appellant.

Appeal from the United States District Court
For the Eastern District of Louisiana
(95-CR-189-N)

December 18, 1996

Before JONES, DeMOSS and PARKER, Circuit Judges.

PER CURIAM:[*]

Appellant James Ashford ("Ashford") pleaded guilty to conspiracy to commit armed robbery of a mail carrier and to armed robbery of a mail carrier. In the plea agreement, Ashford waived his right to appeal his sentence or to seek post-conviction relief challenging his sentence unless the punishment imposed was in

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

excess of the statutory maximum or it was a departure above the guideline range.  Ashford was sentenced to concurrent terms of imprisonment of 90 months on each count to be followed by a five-year term of supervised release.

Ashford argues that the 90-month sentence imposed for the conspiracy offense exceeded the statutory maximum term of imprisonment of 60 months and the sentence should be vacated and the conspiracy count remanded for resentencing.  The government concedes that the sentence imposed for the conspiracy count exceeded the five-year maximum statutory penalty and should be vacated and remanded for resentencing.

We agree.  A district court may not impose a sentence that exceeds the maximum sentence specified in the statute under which a defendant is convicted.  *United States v. Carrion-Caliz*, 944 F.2d 220, 227 (5th Cir. 1991), *cert. denied*, 503 U.S. 965 (1992); *see* U.S.S.G. § 5G1.1(a)(if the guideline range exceeds the statutory maximum, the latter shall be the guideline sentence).  The maximum statutory penalty for conspiracy to commit armed robbery under 18 U.S.C. § 371 is a fine or imprisonment of "not more than five years, or both."  The 90-month sentence imposed by the district court for the conspiracy offense exceeded the statutory maximum, and, thus, under the terms of the plea agreement, Ashford did not waive his right to appeal that portion of his sentence.

Although Ashford's concurrent 90-month sentence for the armed robbery offense appears to be valid, *see* 18 U.S.C. § 2114(a),

Ashford's sentence for the conspiracy count must be vacated and the case remanded for resentencing.  *See United States v. Lewis*, 92 F.3d 1371, 1379 (5th Cir. 1996).

VACATE sentence in part; REMAND for resentencing.